UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GOD KNOWS IMASHE AKA WALLACE MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00552-JRO-MG |
| | ) | |
| J. WADAS, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR
LACK OF JURISDICTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

God Knows Imashe aka Wallace Mitchell ("Mitchell"), who is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He seeks to "verify his identity" because the Bureau of Prisons ("BOP") has refused to honor or recognize his lawful name. *Id.* at 1–3. The case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Under Rule 4, a petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." As explained below, upon review, it plainly appears from Mitchell's petition that he is not entitled to relief, and his § 2241 petition is **DISMISSED for lack of jurisdiction**.

## I.

## RESOLUTION OF PENDING MOTIONS

As an initial matter, Mitchell has filed several pending motions in this case and the Court addresses each in turn.  First, Mitchell filed a motion for writ of mandamus.  Dkt. 6.  In his motion, Mitchell seeks a writ of mandamus "directing respondent to come into compliance with accountability for all funds placed in trust with the respondent" and "to come into compliance with the Administrative Procedures Act ("APA") . . . ."  *Id.* at 1.

Mitchell's motion explains the history of inmate trust accounts and states that the BOP has failed to account for hundreds of thousands of dollars in inmate trust accounts.  *Id.* at 3-5.  He requested to see the last two years of expenditures on his trust account but has seemingly been denied the opportunity for such review.  *Id.* at 6.

In his motion, Mitchell also mentions that he feels that he is discriminated against when he is in restrictive housing because he is subjected to freezing temperatures, lacks access to the law library, and has different clothing requirements than members of general population.  *Id.* at 8–9.  Mitchell's motion, dkt. [8], is **DENIED** as this Court cannot grant any of the relief that he seeks in his writ of mandamus motion in the instant § 2241 case.

Next, Mitchell filed a motion requesting the Court to issue an order to show cause to the respondent in this matter.  However, because Mitchell has not filed a proper § 2241 petition, the Court will not issue a show cause order in this case.

Accordingly, dkt. [8], is **DENIED.**  For the same reason, Mitchell's motions for Court Order to Show Cause, dkt. [10] and [12], are likewise **DENIED.**

Finally, Mitchell has filed a motion to amend the case caption as the Warden of the U.S. Penitentiary in Terre Haute is now B. Lammer.  Dkt. 11.  That motion, dkt. [11], is **GRANTED** and the **clerk is directed** to amend the docket to reflect that B. Lammer is the respondent in this action.

## II.

### RULE 4 DISMISSAL

Mitchell's § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243.

Mitchell's claims are **summarily dismissed** under Rule 4.  Specifically, a federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States."  *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Accordingly, habeas corpus review is available only where the petitioner is "challenging the fact or duration of confinement."  *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994).  A habeas petition is also the proper vehicle if the

inmate is seeking "what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379 F.2d 379, 381 (7th Cir. 1991). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . , we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

In challenging the BOP's failure to "verify his identity" and recognize him by his "lawful name," Mitchell is not challenging the fact or duration of his confinement, nor is he seeking a quantum change in the level of custody. Such claims cannot be brought in a habeas case and may be pursued, if at all, in a separate civil action.

Mitchell did not file a proper § 2241 petition and therefore his petition must be dismissed for lack of jurisdiction.

### III.

### CONCLUSION

For the reasons stated above, Mitchell's § 2241 petition is **summarily DISMISSED for lack of jurisdiction**.

The Court resolves the pending motions as follows: Mitchell's motions, dkts. [6], [8], [10], and [12], are **DENIED.** Mitchell's motion to amend the case

4

caption, dkt. [11], is **GRANTED** and the **clerk is directed** to amend the docket to reflect that B. Lammer is the respondent in this action.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 4/7/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

GOD KNOWS IMASHE AKA WALLACE MITCHELL
51443-060
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

5